THE MUNICIPAL COUNCIL OF MANATÍ v. THE ADMINISTRATION OF PORTO RICO.

APPEAL from the District Court of San Juan.

No. 10.—Decided March 18, 1904.

ADMINISTRATIVE COMPLAINT—PERIOD FOR PERFECTING SAME.—The period for perfecting an administrative complaint cannot exceed thirty days, and if not perfected within that period, the court on its own motion must declare the complaint abandoned.

STATEMENT OF THE CASE.

This is an administrative proceeding pending before us on appeal, between the General Administration, represented by the Assistant Attorney General, Emilio del Toro, and the municipal council of Manatí, represented by Attorney Juan R. Ramos, for the reversal of a ruling made by the District Court of San Juan, June 26, 1903, in an action prosecuted by said municipal council against a decision of the Treasurer of Porto Rico in respect to the revocation of a fine imposed upon Wenceslao Borda for failure to exhibit *matrículas* (vouchers) of cattle. Said ruling reads as follows:

"Puerto Rico, veinte y seis de Junio de mil novecientos tres. Dada cuenta con estos autos contencioso-administrativos promovidos por el Ayuntamiento de Manatí contra resolución del Hon. Tesorero de Puerto Rico.

*Resultando*: que interpuesto el recurso en tiempo y forma por el Lcdo. Don Juan Ramón Ramos, á nombre del expresado Ayuntamiento, en provisto de treinta de Agosto de mil novecientos dos, se dispuso reclamar el expediente administrativo, como se verificó el diez de Septiembre siguiente.

*Resultando*: que remitidos á este Tribunal, desde el once del propio mes, los expresados antecedentes, por el Hon. Attorney General, á quien, en la propia fecha, los remitiera el Tesorero, quedaron sin curso en la Secretaría, hasta que en diez y nueve de Marzo último, habiéndolos encontrado en ese estado, el nuevo Secretario que suscribe, dió cuenta con ellos al Tribunal, que en provisto de veinte del mismo mes, mandó ponerlos de manifiesto al actor, por término de veinte días, para que formalizase su demanda.

*Resultando*: que cumplida esa providencia el veinte y siete del expresado mes de Marzo, solicitó en seguida el Lcdo. Ramos la traducción de los escritos y constancias que aparecían redactados en el idioma inglés, la suspensión del término para formular su demanda, y la entrega de los autos con ese objeto; á cuya solicitud recayó el provisto del propio día veinte y siete, accediendo á la traducción pedida, ordenando al intérprete la verificase dentro de cuatro días y disponiendo que el término para formalizar la demanda principiara á correr luego que el intérprete hubiere efectuado la traducción.

*Resultando*: que terminada ésta en treinta y uno de Marzo, dada cuenta con ella al Tribunal en seis de Abril próximo pasado, y ordenado en providencia del siete, se cumpliera la del veinte y siete de Marzo, en la parte que aun estaba pendiente, lo que se verificó el trece de Abril, poniendo de nuevo los autos de manifiesto al Licenciado Ramos, en veinte y dos del propio mes, solicitó se le ampliase el término por todo el de la Ley, y que se le entregasen los autos para formular la demanda, á cuya solicitud se accedió el día siguiente veinte y dos, prorrogándole el término á diez días más, mandando entregarle los autos bajo resguardo, y encargando á la Secretaría recogerlos y dar cuenta al vencimiento del mencionado plazo.

*Resultando*: que hasta el quince del corriente no se ha presentado

"Porto Rico, June 26, 1903. In the matter of administrative pro-ceedings instituted by the municipal council of Manatí, appealing from a decision of the Treasurer of Porto Rico.

"The appeal having been taken in due time and manner by Attorney Juan Ramón Ramos, on behalf of said municipal council, the papers relating thereto were directed to be sent up by an order of August 30, 1902, which was done on the 10th of September following.

"Said record, which since the 11th day of September had been forwarded to this court by the Attorney General, to whom it had been sent by the Treasurer on the same date, had remained on the files of the clerk's office until March 19, 1903, when, having been found in that condition there by the new clerk, whose signature is attached hereto, it was by him reported to the court, which, in an order made on the 20th of the same month, directed that it be submitted to the plaintiff during a period of twenty days, in order that he might perfect his complaint.

"This order having been complied with, Attorney Ramos immediately requested that a translation be made of the writings and vouchers appearing in English, that no period be fixed for perfecting his complaint, and that the record be handed over to him for said purpose. The court, on the same day, made an order granting said request, the interpreter being directed to make the desired translation within four days, the period for perfecting the complaint to begin from the date of the delivery of said translation.

"The translation was completed on March 31, and filed with the court on April 6, 1903, and on the following day an order issued directing that the order of March 27 be complied with, as to the portion thereof that was still pending. This was done on April 13, and the record having been again submitted to Attorney Ramos, on the 22d of the same month he requested that the period be extended to the full limit allowed by the law, and that the record be delivered to him for the purpose of perfecting the complaint. This request was granted on the following day, and a further extension of ten days being allowed, the record was ordered to be handed over to him against his receipt, and the clerk instructed to recover it and report at the expiration of said period.

"The preceding instrument perfecting the complaint, although

por el Lcdo. Ramos el escrito que precede, formalizando la demanda, aunque lleva la fecha del quince de Mayo. Visto el Artículo 40 de la Ley de lo Contencioso Administrativo, y

*Considerando*: que el término para formalizar la demanda no puede exceder, en ningún caso, de treinta días, y que si no se formalizare dentro de ese término, debe declararse de oficio caducado el recurso, según la terminante disposición del citado Artículo 40.

*Considerando*: que habiendo disfrutado el Lcdo. Ramos de todo ese término para formalizar su recurso, á contar desde el trece de Abril, en que de nuevo se le pusieron de manifiesto los autos, con la traducción, había transcurrido con exceso el quince del corriente, cuando hizo la presentación de aquél. Se declara caducado el mencionado recurso y hecha saber esta resolución á las partes, devuelvase al Hon. Attorney General el expediente administrativo que remitió, con copia certificada de este auto. Así lo acordaron y firman los Señores del Tribunal. Certifico: Juan Morera Martínez, Frank H. Richmond, José Tous Soto, Luis Mendez Vas''.

*Resultando*: que notificado este auto á la representación del Ayuntamiento de Manatí, estableció recurso de reforma, interponiendo asímismo apelación, para el caso de entender el Tribunal que no procedía el recurso de reposición ó reforma solicitado, cuya Corte de Distrito, por provisto de diez y siete de Julio siguiente, bajo el fundamento de que el auto recurrido era definitivo, por cuanto ponía término al pleito, imposibilitando su continuación, siendo por tanto apelable, y no reformable, por el Tribunal que lo dictó: admitió el recurso de apelación para ante esta Corte Suprema: y elevadas las actuaciones originales, previa citación y emplazamiento de las partes, compareció ante este Tribunal la representación del Ayuntamiento de Manatí, teniéndole por personado; y redactada la correspondiente nota, que se puso de manifiesto á las partes, con las actuaciones y el expediente gubernativo, sin que hicieran alegación alguna, se señaló día para la vista, la que tuvo lugar el diez y seis de los corrientes, con

bearing the date of the 15th instant, was not filed by Attorney Ramos until May 15.

"Pursuant to article 40 of the law governing administrative proceedings the period allowed for perfecting a complaint can in no case exceed thirty days, and if not filed within said period the court on its own motion must declare that the complaint has been abandoned, according to the express provision of aforesaid article 40.

"Attorney Ramos had been allowed the full extent of said period to prepare his complaint, counting from April 13, when the record and translation were again submitted to him, and at the time he filed said complaint, June 15, a longer period than that allowed had elapsed.   The aforesaid remedy of complaint is therefore declared to have been abandoned, and after communicating this decision to the parties, the record of the administrative proceedings transmitted by the Attorney General is ordered to be returned to him, together with a certified copy of the record hereof. Thus was it decided and signed by the judges of the court, to which I certify. Juan Morera Martínez, Frank H. Richmond, José Tous Soto.—Luis Méndez Vas."

Notice of the above ruling having been served upon the attorney for the municipal council of Manatí, he moved for a rehearing, and at the same time entered an appeal to be availed of in case the court should decide that a rehearing did not lie.   By an order made July 17, following, the court, on the ground that the ruling appealed from was final, inasmuch as it put an end to the proceedings, thus preventing their continuation, and being therefore appealable and not reformable by the court which made it, allowed the appeal to the Supreme Court.   The original records having been forwarded after citation of the parties, the representative of the municipality of Manatí appeared before this Supreme Court.   The proper memorandum was drawn up and submitted to the parties, together with the record and papers relating to the administrative proceedings, no allegation having been presented by either party.   A day was set for the hearing on appeal, which took place on the 16th instant, when the appel-

informe oral de la parte apelante y del Fiscal de esta Corte Suprema.

Abogado del apelante: *Sr. Ramos* (Juan R.)

Abogado del apelado: *Sr. del Toro* (Fiscal).

El Juez Presidente Sr. Quiñones, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

*Aceptando* los fundamentos de hecho y de derecho de la resolución apelada.

*Fallamos*: que debemos confirmar y confirmamos el auto dictado por el Tribunal de Distrito de San Juan, en veinte y seis de Junio de mil novecientos tres, con las costas al recurrente.

Jueces concurrentes: Sres. Hernández, Figueras, Sulzbacher y MacLeary.

---

## Ex-Parte Sojo.

Apelación procedente de la Corte de Distrito de San Juan.

No. 92.—Resuelto en Marzo 20, 1904.

Dominio.—Escrito Inicial Promoviendo la Información.—Aunque en el escrito inicial de una información de dominio debe expresarse si el promovente carece ó no de título de dominio escrito, ésto no obstante, admitido el escrito sin ese requisito, y sin objeción alguna del Tribunal ó del Fiscal, no procede, después de corridos todos los trámites legales, denegar la aprobación de la información por la falta de dicho requisito cuya subsanación ha debido decretar el Tribunal oportunamente.

Id.—Posesion para Adquirir el Dominio.—La posesión quieta y pacifica, y sin interrupción, por un período mayor de veinte años, con buena fé y justo título, es suficiente para acreditar el dominio de los inmuebles á los efectos de su inscripción en el Registro de la Propiedad.

### EXPOSICIÓN DEL CASO.

En los autos seguidos en el Tribunal de Distrito de San Juan, por Don Mariano Pesquera, en representación de su esposa Doña María Ana Sojo y del Valle, sobre declaratoria

lant and the *Fiscal* of the Supreme Court respectively presented their arguments.

*Mr. Ramos (Juan R.)*, for appellant.

*Mr. del Toro, Fiscal*, for respondent.

Mr. Chief Justice Quiñones, after making the above statement of facts, delivered the opinion of the court.

The findings of fact and conclusions of law set forth in the decision appealed from are accepted.

We adjudge that we should affirm and do affirm the ruling made by the District Court of San Juan, June 26, 1903, with costs against appellant.

Justices Hernández, Figueras, Sulzbacher and MacLeary concurred.